889 A.2d 499

**Gene STILP, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Edward G. Rendell, Governor of the Commonwealth of Pennsylvania, Robert P. Casey, Jr., Treasurer of the Commonwealth of Pennsylvania, Robert C. Jubelirer, President Pro Tempore of the Pennsylvania Senate, John M. Perzel, Speaker of the House of Representatives, Respondents.**

**No. 204 MM 2005.**

Supreme Court of Pennsylvania.

Dec. 22, 2005.

## *ORDER*

PER CURIAM.

**AND NOW,** this 22nd day of December, 2005, the Application for Extraordinary Relief is hereby **GRANTED IN PART,** and this Court assumes plenary jurisdiction over this matter. *See* 42 Pa.C.S. § 726. The Supreme Court Prothonotary is directed to establish a briefing schedule and to list this matter for oral argument. In their briefs, the parties are directed to address the following issues:

1) Whether Petitioner has standing to bring an action challenging the constitutionality of the Act of July 7, 2005, P.L. 201, No. 44 ("Act 44")?

2) Whether the General Assembly's adoption of Act 44 violated:

   a) Article III, Section 1 of the Pennsylvania Constitution;

   b) Article III, Section 2 of the Pennsylvania Constitution;

   c) Article III, Section 3 of the Pennsylvania Constitution; and/or

   d) Article III, Section 4 of the Pennsylvania Constitution?

3) Whether the system of unvouchered expenses established by Act 44 violated the Pennsylvania Constitution, and whether this Court should reconsider and/or overrule the decision in *Consumer Party of Pennsylvania v. Commonwealth*, 510 Pa. 158, 507 A.2d 323 (1986)?

4) In the event any portion of Act 44 is deemed unconstitutional, whether enforcement of the non-severability provision in the statute would violate Article V, Section 16(a) of the Pennsylvania Constitution?

5) Whether Petitioner's constitutional challenges are moot?

The Supreme Court Prothonotary is directed to list the case for argument at the same session with *Herron v. Commonwealth of Pennsylvania et al.*, No. 163 EM 2005.

The Motion to Stay Proceedings is hereby **DENIED** as moot.

Chief Justice CAPPY did not participate in the consideration or decision of this matter.